JANE C. TINSLAR *vs.* ISAAC DAVIS.

A sale of mortgaged real estate for taxes, while *St.* 1856, c. 239, § 5, was in force, no demand for payment of the taxes having been made on the mortgagee, gave to the purchaser at the tax sale no right to maintain an action to recover the amount paid by him against the mortgagee, upon the latter's taking possession of the premises thereafter, under his mortgage.

CONTRACT, commenced originally by Benjamin R. Tinslar, the purchaser at a tax sale of mortgaged real estate, and prosecuted by the plaintiff as executrix of his estate, against the defendant, a mortgagee of the premises who has since taken possession under his mortgage, to recover the amount paid by the said Benjamin, with interest.

It was agreed in the superior court that the mortgage under which the defendant claims was executed by the owner of the premises in June 1855, and in November 1855, by mesne assignments, came to the defendant, who in September 1858 entered upon the premises for the purpose of foreclosure for breach of condition. In 1855 and 1856 taxes upon the premises were assessed to the owners of the equity of redemption, who did not pay the same, and no demand of payment was ever made on the defendant, but in August 1857 the collector of taxes made a valid sale of an undivided portion thereof, for non-payment o˙ taxes, to said Benjamin, for $41.11, and delivered to him a

deed accordingly on the 4th of September. Said Benjamin made due demand of the defendant for repayment of the $41.11.

On these facts, judgment was rendered for the plaintiff, and the defendant appealed to this court.

*W. Brigham*, for the defendant.

*G. B. Bigelow*, for the plaintiff.

CHAPMAN, J. If we assume that the taxes in question constituted a lien upon the estate of the mortgagee under *St.* 1856, *c.* 239, still the mortgagee, not having taken possession, was not the person taxable therefor. By § 5 of that statute, no sale of real estate for taxes shall affect the rights of any person not taxable therefor, unless a written demand is first made upon said person, by the collector, for the payment of said taxes. This section was repealed by *St.* 1858, *c.* 82. But while it was in force, viz. September 4, 1857, the collector made to the plaintiff the sale and conveyance under which he claims. It was a sale for taxes, and no written demand had been made upon the defendant who was then the mortgagee, and therefore by the terms of the statute it did not affect the rights of the defendant. This is a sufficient answer to the action. The entry of the defendant to foreclose his mortgage on the 22d of September 1858 could not render him liable to the plaintiff who had acquired no title as against him, whatever may have been his liability to the collector provided the taxes had remained unpaid. This case is unlike the cases cited, *Parker* v. *Baxter*, 2 Gray, 185, and *Andrews* v. *Worcester County Ins. Co.* 5 Allen, 65.

*Judgment for the defendant.*